UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23056-BLOOM/Elfenbein

**HAPPY CP COMPANY LIMITED,**

    **Plaintiff,**

v.

**EIGHT3FIVE, INC; MARY SPENCER a/k/a "SPENCER MARY, LOUISE; ,**

    **Defendant.**

_____/

## ORDER ON DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Petitioner Happy CP Company Limited's ("Happy CP") Motion for Default Final Judgment ("Motion"), ECF No. [11]. A Clerk's Entry of Default was entered against Eight3Five, Inc. ("Eight3Five"), Mary Spencer a/k/a "Spencer Mary, Louise" ("Spencer"), and Aldi Muka a/k/a "Muka Aldi" ("Muka") (collectively, "Respondents"), on November 1, 2024, as Respondents failed to appear, answer, or otherwise plead to the Complaint despite having been served. *See* Plaintiff's Motion for Clerk's Entry of Default [ECF No. 7]; Executed Return of Summons [ECF No. 4, 5, 6]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Petitioner's Motion is granted.

    **I.**    **FACTUAL BACKGROUND**

The instant Final Award "resulted from an arbitration (the 'Arbitration') commenced by Petitioner in Hong Kong pursuant to a written agreement to arbitrate (the 'Arbitration Clause') in

CASE NO. 24-cv-23056-BLOOM/Elfenbein

the Contract for the Sale" between Respondent Eight3Five. ECF No. [11].[1] "The Contract is supported by two separate guarantees by Respondents Spencer and Muka." *Id.* The Arbitration was initiated by Petitioner on August 8, 2023. ECF No. [1] at ¶ 15. The Respondents, however, did not participate in the Arbitration. The Arbitrator ultimately issued the Final Award finding that Petitioner is entitled to recover from the Respondents: "(a) compensatory damages; (b) interest on the compensatory damages; (c) late fees; (d) interest on the late fees; (e) costs, including attorney's fees; and (d) interest on the costs and fees," and that "Eight3Five and each of the Guarantors are jointly and severally liable for the Award Total." *Id.* at 6. With regard to damages, the Final Award directed Respondents to pay Petitioner the following:

> **Compensatory Damages and Interest**
>
> (a) USD $67,256.00 for the Unpaid Outstanding Purchased Amounts related to the Contract owed by the Respondents to Happy CP;
>
> (b) USD $6,327.40 for Unpaid Outstanding Late Fees related to the Contract;
>
> (c) Pre-Final Award Interest on the Unpaid Outstanding Purchased Amounts and Unpaid Outstanding Late Fees Amount at a rate of 1 percent per year, accruing from June 17, 2023 to April 8, 2024; and
>
> (d) Post-Judgment Interest on the Unpaid Outstanding Purchased Amounts and Unpaid Outstanding Late Fees Amount at a rate of 8.875 percent per year, accruing from April 8, 2024, which is the Hong Kong judgment rate. Costs, Attorney's Fees, and Interest (d) HKD $372,106.04 (or USD $47,514.31 4) in total Costs and Attorney's Fees:
>   i. HKD $225,040.00 for legal fees;
>
>   ii. HKD $9,617.04 for courier charges;
>
>   iii. HKD $8,000.00 regarding registration fee for HKIAC; and
>
>   iv. HKD $21,449.00 HKIAC's administrative fees for both Parties.
>
> (e) Post-Final Award Interest on the costs and attorney's fees at a rate of 8.875 percent per year, accruing from April 8, 2024, which is the Hong Kong judgment rate.

---

[1] The relevant Arbitration Clause can be found in Paragraph 14. 2 of the Contract. *See* ECF No. [1] at 2 at ¶ 2.

ECF No. [11]; *see also* ECF No. [1] Ex. "A," Final Award at ¶ 380. Petitioner now seeks to have the Court confirm the Final Award pursuant to the New York Convention and Chapter 2 of the Federal Arbitration Act. ECF No. [11].

## II.     LEGAL STANDARD

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. However, "a defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, a default judgment is warranted when the well-pleaded allegations in the complaint, which are taken as true due to the default, state a substantive cause of action and there is sufficient basis in the pleading for the particular relief sought. *See Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x. 860, 863 (11th Cir. 2007) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See Tyco Fire & Sec.*, LLC, 218 Fed. App'x at 863; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . ."). "Although an evidentiary hearing is typically required to determine the amount of damages, '[a]n evidentiary hearing is not a *per se* requirement' and in 'limited circumstances' will not be required" where "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Pott v. World Capital Properties, Ltd.*, Case No. 21-23942-CIV, 2021 WL 9204019, at *3 (S.D. Fla. Dec. 30, 2021) (quoting *S.E.C. v. Smyth*, 420

3

F.3d 1225, 1231-32 & n.13 (11th Cir. 2005)); *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985).

### B. Confirmation of Foreign Arbitral Award.

The Federal Arbitration Act ("FAA"), which implements the Convention of Recognition and Enforcement of Foreign Arbitral Awards applies when there is a "written provision in…a contract evidencing a transaction involving commerce to settle by arbitration a controversy arising out of such contract...." 9 U.S.C. § 2. Under the Convention, any party to arbitration may apply to the court for an order confirming an arbitration award within three years after the award is made. *See Pott*, 2021 WL 9204019, at *3 (citing 9 U.S.C. § 207). The court must confirm the award unless the award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

### III. DISCUSSION

Upon a review of Petitioner's submissions, it appears there is a sufficient basis in the record for the default judgment to be entered in favor of Petitioner. Pursuant to default, the Petitioner's well-pleaded factual allegations are taken as admitted by Respondents as Respondents have failed to appear and defend this action. Petitioner's well-pleaded factual allegations, which are deemed true as a matter of law, are sufficient to justify Petitioner's claims against Respondents.

### A. Jurisdiction and Venue

"In an action to confirm a foreign arbitral award, the initial burden is on the party applying for recognition to establish jurisdiction by supplying: (1) '[t]he duly authenticated original award or a duly certified copy thereof'; and (2) the original written agreement to arbitrate (or duly certified copy)." *Pott,* 2021 WL 9204019, at *3 (quoting *Czarina, L.L.C. v. W.F. Poe Syndicate*, 358 F.3d 1286, 1291 (11th Cir. 2004)). "Once the proponent of the award meets his article IV

jurisdictional burden of providing a certified copy of the award and the arbitration agreement, he establishes a prima facie case for confirmation of the award." *Czarina, L.L.C.*, 358 F.3d at 1292 n.3. Petitioner has attached a sworn affidavit, a copy of the arbitration award, and judgment to the Motion, as well as the original written agreement. *See* ECF No. [1]. Additionally, the action was initiated within three years of the award. Therefore, the Court's jurisdiction over the final award is appropriate.[2]

Venue is also appropriate in this Court because Eight3Five's principal place of business is in Miami-Dade County, Florida, Muka is a resident of the State of Florida, both of the guarantors have conducted substantial and business activities in Miami-Dade County, and substantial portion of the events giving rise to the Arbitration occurred in Miami-Dade County Florida. *See* ECF No. [1] at 5.

**B. Merits**

"[J]udicial review of arbitration awards under the FAA [and the New York Convention are] very limited." *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 778 (11th Cir. 1993); *see Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876, 885 (11th Cir. 2023) ("Confirmation under the FAA is essentially the same as recognition and enforcement under the New York Convention"). There is "a heavy presumption in favor of confirming arbitration awards; therefore, a court's confirmation of an arbitration award is usually routine or summary." *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011). Indeed, "judicial review of arbitration decisions is among the narrowest known to the law[,]" particularly where a party has defaulted. *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 1001 (11th

---

[2] The Court has subject-matter jurisdiction over this case pursuant to its federal question jurisdiction under 28 U.S.C. § 1331 as authority to confirm the arbitration arises under a treaty of the United States. *See* ECF No. [1].

Cir. 2007) (internal marks omitted). Article V of the New York Convention provides the following seven grounds upon which recognition and enforcement of an arbitral award may be refused:

> (a) The parties to the agreement referred to in article II were, under the law applicable to them, under some incapacity, or the said agreement is not valid under the law to which the parties have subjected it or, failing any indication thereon, under the law of the country where the award was made; or
>
> (b) The party against whom the award is invoked was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings or was otherwise unable to present his case; or
>
> (c) The award deals with a difference not contemplated by or not falling within the terms of the submission to arbitration, or it contains decisions on matters beyond the scope of the submission to arbitration, provided that, if the decisions on matters submitted to arbitration can be separated from those not so submitted, that part of the award which contains decisions on matters submitted to arbitration may be recognized and enforced; or
>
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties, or, failing such agreement, was not in accordance with the law of the country where the arbitration took place; or
>
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.
>
> or
>
> (a) The subject matter of the difference is not capable of settlement by arbitration under the law of that country; or
>
> (b) The recognition or enforcement of the award would be contrary to the public policy of that country.

*See Pott v. World Capital Properties*, Ltd., Case No. 21-23942-CIV, 2021 WL 9204019, at *3 (S.D. Fla. Dec. 30, 2021) (citing Convention, art. V, available at http://newyorkconvention1958.org); *Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876, 885 (11th Cir. 2023). An opponent of a foreign arbitration award may only overcome the presumption in favor of enforcing the award by successfully invoking one of these defenses.

Otherwise, the Court must confirm the arbitral award. *See Noble Prestige Limited v. Horn*, CASE NO. 20-82357-CIV, 2024 WL 2109045, at *1 (S.D. Fla. Apr. 3, 2024) (citing *Cvoro v. Carnival Corp.*, 941 F.3d 487, 495 (11th Cir. 2019) ("a district court must confirm the arbitral award unless a party 'successfully assert[s] one of the seven defenses against enforcement of the award enumerated in Article V of the New York Convention'")).

Due to the default, there is no evidence that Respondents timely sought to vacate the arbitration award nor is there is evidence that any valid grounds for vacating or modifying the award exist. As such, the Court confirms the arbitration award.³ *Gianelli Money Purchase Plan & Trust v. ADM Investor Servs., Inc.*, 146 F.3d 1309, 1312 (11th Cir. 1998) ("Judicial review of arbitration awards is 'narrowly limited,' and [there is a] presum[ption] that arbitration awards will be confirmed.").

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. the Motion for Entry of Default Judgment, **ECF No. [7],** is **GRANTED**.

2. The Final Default Judgment shall be entered by separate Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 13, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

---

³ Because there are liquidated damages, the Court need not hold an evidentiary hearing before entry of the Final Default Judgment.

CASE NO. 24-cv-23056-BLOOM/Elfenbein

Eight3Five, Inc.
c/o Aldi Muka, as registered agent
2776 Gunter Park Dr. E, Unit J
Montgomery, Alabama 36109

Mary Spencer a/k/a "Spencer Mary, Louise"
100 Danforth Ave 150
Dobbs Ferry, New York 10522


Aldi Muka a/k/a "Muka Aldi"
8150 SW 72nd Ave, Apt. 1818
Miami, Florida 33143